# DAYTON RURAL TELEPHONE COMPANY AND OTHERS v. NORTHWESTERN BELL TELEPHONE COMPANY.[1]

April 7, 1933.

No. 29,211.

*E. A. Prendergast* and *A. J. McBean,* for appellant.
*Roger L. Dell* and *Rolf P. Jacobson,* for respondents.

WILSON, CHIEF JUSTICE.

The Northwestern Bell Telephone Company appealed from a judgment. It operates a local telephone exchange at Fergus Falls, having about 2,200 local patrons and also a long distance service. It also owns and operates three rural lines using 31 telephones.

There are 17 rural telephone companies having 33 rural lines connecting with appellant's system at the city limits. On these lines are 465 telephones. The farmers own and maintain their

[1]Reported in 248 N. W. 218.

lines and their phones. For years these rural lines have had a physical connection with the local exchange and there received switching and other service; and for practical purposes they were a part thereof.

On December 14, 1929, nine of these rural telephone companies signed and sent a communication to the railroad and warehouse commission couched in these words:

"Mr. O. P. B. Jacobson,

"Railroad and Warehouse Commission,

"St. Paul, Minnesota.

"Dear Mr. Jacobson:

"We, the undersigned, officials of various Telephone Companies operating in and out of Fergus Falls, Minnesota, wish to hereby petition your Honorable body to meet with members and representatives of our Companies here at Fergus Falls; we having in view the obtaining of lower telephone connection fees to which we believe we are justly entitled.

"We will leave the matter of the date of the meeting open to suit your convenience."

Mr. Jacobson was then a member of the commission. Pursuant to such communication, the commission initiated proceedings thereon as a petition from the individual signers. It gave notice to appellant of a hearing to be had in Fergus Falls on a certain date and ordered appellant to there show cause why the petition (the above communication), a copy of which was attached thereto, should not be granted. Appellant attended the meeting, made a special appearance, objected to the proceedings on jurisdictional grounds in that they had not been initiated in the method provided by the statute, and asked that the order be vacated.

The hearing proceeded, and a number of farmers gave testimony. It was made to appear that at one time the members of the rural companies had paid three dollars per year for the switching service. For the period of about the last 12 years they were operating under an established annual rate of six dollars. At the conclusion of the hearing the commission took the matter under advisement,

and on February 10, 1930, filed an order concluding with this language:

"That the services rendered by the Northwestern Bell Telephone Company, as now rendered to the petitioners herein, are not reasonably worth even the rate of $3.00 per year per subscriber and that to justify such a charge the exchange services at Fergus Falls, Minnesota, rendered to the petitioners herein, should be repaired and a reasonably satisfactory service installed; that the rate of $6.00 per year, or fifty (50¢) cents per month per subscriber for exchange services at Fergus Falls, because of the poor service rendered, is excessive and unreasonable and that the switching charge rate should be reduced to twenty-five (25¢) cents per month, or $3.00 per year, for each subscriber, payable semi-annually in advance and that the Northwestern Bell Telephone Company should forthwith improve its now existing connection service at Fergus Falls for the petitioners herein.

"It is therefore ordered, that the switching charge at Fergus Falls, Minnesota, for the petitioners herein, be, and the same is, hereby fixed at $3.00 per year per subscriber, payable semi-annually in advance and that the Northwestern Bell Telephone Company improve its present existing connection services to the petitioners herein at Fergus Falls, Minnesota."

Appellant appealed to the district court, where under the statute the matter was considered upon the same evidence, and the court found as a fact:

"That the order of the Minnesota Railroad and Warehouse Commission dated February 10, 1930, providing that the switching charge at Fergus Falls, Minnesota, be fixed at three dollars per year per subscriber, payable semi-annually in advance, and that the appellant, the Northwestern Bell Telephone Company, improve its present existing connection service to the petitioners at Fergus Falls, Minnesota, is not unreasonable or unlawful; that the same is lawful and reasonable."

The conclusion of law was that the order of the commission be affirmed. Judgment was entered, and this appeal followed.

The witnesses were questioned by the commissioner in some detail as to the quality of the service rendered, though the appellant had no intimation that such questioning was a part of the subject of the inquiry. This element was also carried into the final order. At the conclusion of the taking of the testimony the presiding commissioner for the first time stated that the proceedings were had on the commission's own motion. The record does not support this assertion. Had that been the case the commission would have acted under G. S. 1923 (1 Mason, 1927) § 4646. It did not do that. It entitled the proceedings thus:

"Andrew Anderson, A. O. Huseby, H. R. Wenstrom,
J. L. Gander, et al.,

Complainants,

vs.

Northwestern Bell Telephone Company, Fergus
Falls, Minnesota,

Respondent."

This characterizes the proceedings as being had under § 4638. This title was also on the notice to appellant. It was used by the reporter at the Fergus Falls meeting. The order of February 10, 1930, commences the title: "In the matter of the petition," but names the rural telephone companies represented by the individuals instead of the individuals as "complainants." Indeed the notice to appellant advised that the hearing was to be had upon "the petition of the above named complainants." This does not indicate that the commission was acting upon its own motion.

The statute provides that the proceedings shall be instituted by complaint, verified as a pleading in a civil action, stating in ordinary language the facts constituting the alleged omission or offense; and that the parties to such proceeding shall be termed, respectively, "complainant" and "respondent." § 4638. There is nothing to indicate that the commission as such ever concluded to change the proceedings from one initiated upon petition to one initiated upon the commission's own motion. In all probability we would have to hold, were we deciding that question, that it would not have power

to do that. City Commission of Bismarck v. Bismarck Water Supply Co. 47 N. D. 179, 181 N. W. 596.

The so-called petition herein (the letter first above set forth) did not meet the statutory requirement. It was necessary for the petition to state "the facts constituting the alleged omission or offense." The statute says this shall be done. But the letter which has been treated as a petition in these proceedings makes no pretense of doing so. It gives no notice to appellant or anyone else as to the issue being tendered. The jurisdiction of the commission can be invoked in such a proceeding only by a compliance with the statutory methods therefor. See Bombolis v. M. & St. L. R. Co. 128 Minn. 112, 150 N. W. 385.

The statute, § 4639, further provides:

"Upon filing such complaint, if there appear reasonable grounds for investigating such matter, the commission shall issue an order directed to such carrier or warehouseman, requiring him to grant the relief demanded, or show cause by answer within twenty days from the service of such notice why such relief should not be granted. Such order, together with a copy of the complaint, shall forthwith be served upon the respondent."

Here also the commission failed to comply with the statutory requirements. It requires that cause be shown by answer within 20 days; but in the instant case appellant was directed to show cause within 11 days, not 20 days, and in an open meeting at Fergus Falls instead of by answer. The statute contemplates a legal proceeding in an orderly manner in which definite issues will be made by verified complaint, answer, and reply. §§ 4639 and 4640. The matter may not be brought on for hearing until issue is joined and thereafter 10 days' notice be given. § 4641.

Upon the record before us jurisdiction was never acquired. This makes it unnecessary to discuss the obvious insufficiency of the evidence to sustain the judgment or other questions in the brief.

Reversed.

OLSEN, JUSTICE, took no part.